**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4585**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VICTOR ANTONIO BARBA RUIZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00167-RJC-1)

Submitted: March 29, 2017                    Decided: April 27, 2017

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark P. Foster, Jr., Anthony G. Scheer, RAWLS, SCHEER, FOSTER & MINGO, PLLC, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Antonio Barba Ruiz pled guilty to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2012), and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Ruiz to 87 months of imprisonment, and he now appeals. We affirm.

Ruiz challenges the district court's denial of his request for a two-level minor participant reduction in his Sentencing Guidelines offense level. "We review for clear error the district court's determination that [a defendant] failed to show his entitlement to such an adjustment." *United States v. Powell*, 680 F.3d 350, 359 (4th Cir. 2012). We will find clear error only if we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted).

"Section 3B1.2 of the Sentencing Guidelines provides for [a] reduction[] to a defendant's offense level if the defendant 'play[ed] a part in committing the offense that makes him substantially less culpable than the average participant'" in the criminal activity. *Powell*, 680 F.3d at 358 (quoting U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(A)). A defendant may receive a 2-level reduction if he was a minor participant. USSG § 3B1.2(b). A minor participant is "less culpable than most other participants in the criminal activity," while not among the least culpable. USSG § 3B1.2 cmt. nn.4-5. The defendant bears the burden of demonstrating by a preponderance of the evidence that he merits a mitigating role adjustment. *Powell*, 680 F.3d at 358-59. A district court may apply such a reduction, but is not required to do so. *See* USSG § 3B1.2 cmt. n.3(A) ("A

2

defendant who is accountable . . . only for the conduct in which [he] personally was involved and who performs a limited function in the criminal activity *may* receive an adjustment under this guideline." (emphasis added)).

In 2015, the Sentencing Commission promulgated Amendment 794, revising the commentary for § 3B1.2 based on its findings that courts were applying the mitigating role reduction inconsistently and too sparingly. *See United States v. Castro*, 843 F.3d 608, 611 (5th Cir. 2016). Under the amended commentary, courts must compare the defendant to the average participant "in the criminal activity at issue in the defendant's case," not to the average participant in similar offenses. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (quoting USSG app. C, amend. 794). In addition, following the amendment, courts should not deny a mitigating role reduction merely because the defendant played an essential or indispensable role in the offense.[*] *Id.* at 206-07; *see* USSG § 3B1.2 cmt. n.3(C).

The Guidelines commentary specifies that the minimum role inquiry should be fact-specific and based on the totality of the circumstances. USSG § 3B1.2 cmt. n.3(C). The commentary also provides a nonexhaustive list of factors for consideration in determining whether to apply a mitigating role reduction:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

---

[*] Prior to Amendment 794, this Court had held that the critical inquiry for a mitigating role reduction was whether the defendant's conduct was material or essential to committing the offense. *Powell*, 680 F.3d at 359.

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]

(v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.*

Our review of the record and briefs convinces us that the district court did not clearly err in denying Ruiz's request for a mitigating role reduction. Ruiz failed to demonstrate by a preponderance of the evidence that he was substantially less culpable than either of the other local coconspirators. *See Torres-Hernandez*, 843 F.3d at 207; *Powell*, 680 F.3d at 358.

The district court reasonably determined that Ruiz played the most significant role of the three local conspirators. Ruiz watched over the drug house, served as a lookout during the drug pickup, and attempted to hide drugs and money from law enforcement. While Ruiz did not personally transfer the heroin, the court did not clearly err in determining he had more duties and greater responsibility than either of the others, whose only roles were to transport the heroin and cash.

Additionally, Ruiz's reliance on the previous criminal activity of one coconspirator to establish her greater culpability fails. That prior criminal activity is not relevant because it is separate from "the criminal activity at issue in [the present] case." *Torres-Hernandez*,

4

843 F.3d at 207 (quoting USSG app. C, amend. 794); *see Castro*, 843 F.3d at 613 n.6 ("The criminal activity is the crime with which [the defendant] was charged . . . ."). And although Ruiz highlights the limited duration of his involvement in the offense, he was involved in the conspiracy longer than either of the other local coconspirators.

Further, the district court did not clearly err in determining that Ruiz understood the conspiracy's scope and structure. Ruiz argues that no evidence shows he knew the details of the drug transaction interrupted by the police or that his knowledge of the conspiracy extended past his specific duties. However, Ruiz admitted that he knew he was watching a drug house, he thought the suitcase his codefendant retrieved contained drugs, and he was instructed to hide drugs and money from law enforcement. Ruiz also wired money to and communicated with higher-ups in the conspiracy, who gave him instructions. And even if Ruiz did not have knowledge of the conspiracy beyond his specific duties, his lack of knowledge would not preclude him from being found highly culpable. *See United States v. White*, 875 F.2d 427, 434 (4th Cir. 1989) ("[E]ven if the defendant were purely a courier having no knowledge of the other aspects of the drug-dealing operation, the defendant might nonetheless be a highly culpable participant in the operation.").

Finally, the district court reasonably determined that Ruiz exercised decision-making authority. Ruiz told his coconspirator to pick up the suitcase and accompanied him to the pickup site. Even if Ruiz was following instructions in doing so, he acted in a supervisory role with some decision-making authority, certainly more than the other two local conspirators, who were also following instructions from higher-ups but did not oversee anyone else or engage in any planning.

5

Ruiz's argument that the local coconspirators had connections to those higher up in the conspiracy—connections Ruiz himself did not have—lacks merit because Ruiz was wiring money to and communicating with conspirators in Mexico using his cell phone. Although Ruiz denies this communication, at sentencing, both Government counsel and defense counsel discussed Ruiz's cell phone communications with conspirators in Mexico. Moreover, Ruiz admitted that he communicated with higher-ups at least to receive instructions.

None of the local coconspirators, including Ruiz, had a proprietary interest in the operation. The Guidelines provide that a defendant who is simply paid to perform certain tasks should be considered for a reduction, but the Guidelines do not require a mitigating role reduction for every such defendant. USSG § 3B1.2 cmt. n.3(C).

Finally, Ruiz emphasizes that even if he played an essential role, this would not disqualify him from receiving a minor participant reduction. The district court was clearly aware of this point, correctly noting that having an integral role in the crime, while not determinative in awarding a mitigating role reduction, *see* USSG § 3B1.2 cmt. n.3(c), could be considered as part of the totality of the circumstances. We conclude the district court did not err in denying Ruiz's request for a minor participant reduction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*