# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41251
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO REGUERO-MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-261-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Carlos Alberto Reguero-Mendez pleaded guilty to importing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1), and 18 U.S.C. § 2. Reguero-Mendez received a below-guidelines sentence of 135 months of imprisonment.

On appeal, Reguero-Mendez argues that (1) the district court committed reversible clear error by denying his request for a mitigating role adjustment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2) the Government failed to prove that he knew the type and quantity of narcotics involved in the offense. When an argument is preserved in the district court, this court reviews the district court's factual findings for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "Whether [a defendant] was a minor or minimal participant" under U.S.S.G. § 3B1.2 "is a factual determination that [this court] review[s] for clear error." *Id.* (internal quotation marks and citation omitted); *see United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). The defendant has the burden of demonstrating by a preponderance of the evidence his entitlement to a minor or minimal role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The district court's conclusion that Reguero-Mendez did not meet his burden is plausible in light of the whole record. *See id.* at 612-13. Accordingly, the district court's denial of the adjustment was not clear error. *See Coleman*, 609 F.3d at 708. Reguero-Mendez's alternative argument lacks merit because the district court need not discuss each § 3B1.2 factor on the record. *See United States v. Torres-Hernandez*, 843 F.3d 203, 209-10 (5th Cir. 2016).

In his second issue, Reguero-Mendez contends, for the first time on appeal, that the factual basis for his guilty plea was inadequate because the Government failed to prove that he had knowledge of the particular type and quantity of controlled substance involved in his offense. However, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009). Reguero-Mendez concedes that relief on his issue is foreclosed and states that he is raising the issue only to preserve it for possible further review.

No. 16-41251

Based on the foregoing, the district court's judgment is AFFIRMED.