# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KRYSTA NICOLE GAINES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-173-2

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Krysta Nicole Gaines appeals her sentence of 151 months of imprisonment and three years of supervised release following her guilty-plea conviction for possession with the intent to distribute methamphetamine. Gaines contends that the district court clearly erred in finding that she was not entitled to a mitigating role reduction under U.S.S.G. § 3B1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10352

Gaines first challenges the determination in the presentence report (PSR), which was adopted by the district court, that she actively assisted her co-participant in counter-surveillance. Given Gaines's failure to offer any contrary sworn testimony or other rebuttal evidence to refute this fact, the district court was free to adopt the PSR's finding without further inquiry. *See United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990).

Gaines also argues that, under § 3B1.2, comment. (n.3(A)), her mere assistance in delivering the drugs was insufficient to demonstrate that she was an ordinary participant in the transaction. However, this commentary explains that a mitigating role adjustment may apply to defendants who were held accountable for only the quantity of drugs they personally transported or stored. Since the district court also held Gaines accountable for the quantity of methamphetamine carried by her co-participant, she does not come within the parameters of § 3B1.2, comment. (n.3(A)). *See United States v. Torres-Hernandez*, 843 F.3d 203, 207-08 (5th Cir. 2016).

Nor is there merit to Gaines's further suggestion that the case should be remanded because it is unclear whether, in determining that she was not substantially less culpable than the average participant, the PSR, and by extension the district court, compared her actions to those of the only other co-participant. This case is distinguishable from *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721-22 (5th Cir. 2017), on which Gaines relies. In remanding that case, we found significant that the defendant had been resentenced under Federal Rule of Criminal Procedure 35, which did not occur here; moreover, the district court there had not applied a relevant clarifying amendment to the guideline commentary that went into effect after the defendant was sentenced. *Id.* Furthermore, in *United States v. Bello-Sanchez*, 872 F.3d 260, 266 & n.7 (5th Cir. 2017), we rejected a defendant's request for

a remand based on the district's court's alleged failure "to articulate a permissible factual basis for denying the mitigating-role adjustment," explaining that a remand would be appropriate only where the defendant had requested such an articulation of facts by the district court, which also did not occur here.

Finally, Gaines complains that the facts did not support the district court's conclusions under the factors set forth in § 3B1.2, comment. (n.3)(C)) that she: understood the scope and structure of the criminal activity; significantly participated in the planning or organizing of the criminal activity; influenced her co-participant's decision-making authority; participated significantly in the criminal activity; and stood to benefit from the criminal activity.  As previously discussed, the district court was free to adopt the PSR's unrebutted finding that Gaines actively assisted her co-participant in counter-surveillance; for the same reason, the district court was free to adopt the PSR's other unrebutted finding that Gaines actively assisted her co-participant in conducting the drug transaction. *See Mir*, 919 F.2d at 943.  The district court's findings under § 3B1.2, comment. (n.3(C)) regarding the level of involvement of Gaines, who was admittedly in a romantic relationship with her co-participant, are plausible in light of the record as a whole and thus not clearly erroneous.  *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

In any event, Gaines was required to bear "the burden of proving by a preponderance of the evidence that the [mitigating role] adjustment was warranted." *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016) (internal quotation marks, brackets, and citation omitted).  Gaines failed to satisfy her burden of establishing her entitlement to a mitigating role adjustment by "show[ing] by a preponderance of the evidence: (1) the culpability of the

average participant in the criminal activity; and (2) that she was substantially less culpable than that participant." *Id.* at 613 (internal footnote omitted). Accordingly, the district court did not clearly err in concluding that Gaines was not entitled to a mitigating role reduction under § 3B1.2. *See Alcantar*, 733 F.3d at 146.

In light of the foregoing, the judgment of the district court is AFFIRMED.