# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE FACUNDO GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-224-1

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jose Facundo Garcia pleaded guilty to possession, with intent to distribute, methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(C). Garcia received a below-Guidelines sentence of 121 months' imprisonment. His sole issue on appeal is whether the court committed

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

reversible clear error by denying his request for a mitigating-role adjustment, pursuant to Guideline § 3B1.2.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Defendant has the burden of demonstrating by a preponderance of the evidence his entitlement to a minor or minimal role adjustment. *Id.*; *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016); *United States v. Torres-Hernandez*, 843 F.3d 203, 209–10 (5th Cir. 2016). As noted by Garcia, whether he was a minor or minimal participant is a factual finding, reviewed for clear error. *E.g.*, *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (quoting *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005)).

In response to Garcia's Guideline § 3B1.2 objection, the probation officer noted Garcia: received financial compensation for being a methamphetamine distributor; stored methamphetamine and a firearm in his home; and possessed a digital scale in his vehicle. Further, the investigative material did not reveal the scope of his involvement in the distribution except to state that he received the methamphetamine from "Smiley". The probation officer

No. 17-10552

concluded Garcia had provided no substantive information to prove his minor role and no offense-level reduction was warranted under Guideline § 3B1.2. The district court overruled the § 3B1.2 objection for the reasons provided by the probation officer.

The court's conclusion that Garcia did not meet his burden to prove his entitlement to a § 3B1.2 adjustment is plausible in the light of the record as a whole.  *Sanchez-Villarreal*, 857 F.3d at 721; *Castro*, 843 F.3d at 612–13. Accordingly, the denial of the adjustment was not clear error.

AFFIRMED.