# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30807

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAYMOND PORTER, also known as T. Porter,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-271-8

Before ELROD, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Raymond Porter was convicted of conspiring to possess with intent to distribute one kilogram or more of heroin and using a communications facility in the commission of that offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 843(b), and 846, as well as 18 U.S.C. § 2. On a subsequent resentencing following his initial appeal, Porter was sentenced to 151 months of imprisonment. On appeal, Porter presents two grounds for reversal. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30807

claims that the district court erred in denying a mitigating-role adjustment under U.S. Sentencing Guidelines § 3B1.2.  He also argues that the district court erred in its factual determination that it was reasonably foreseeable that the volume of heroin attributable to the underlying drug trafficking conspiracy was between three and ten kilograms.  We disagree with both claims.

This Court has previously held that a defendant must be "peripheral" to the advancement of a conspiracy in order to qualify for a mitigating-role adjustment.  *See, e.g.*, *United States v. Kuhrt*, 788 F.3d 403, 424 (5th Cir. 2015) (quoting *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005)).  The district court applied this rule and denied a mitigating-role adjustment to Porter accordingly.  Porter claims that this rule was abrogated by Amendment 794, which amended the commentary to § 3B1.2 in November 2015 to provide that "a defendant perform[ing] an essential or indispensable role in the criminal activity is not determinative," and that a "defendant may receive an adjustment . . . if he or she is substantially less culpable than the average participant in the criminal activity."  U.S.S.G. § 3B1.2 cmt. n.3.

But Porter's argument is foreclosed by this Court's prior ruling in *United States v. Castro*, 843 F.3d 608 (5th Cir. 2016).  In *Castro*, we maintained this Court's rule, notwithstanding Amendment 794, that "'the defendant must do enough less so that [s]he at best was peripheral to the advancement of the illicit activity.'"  843 F.3d at 613-14 (citing *United States v. Thomas*, 932 F.2d 1085, 1092 (5th Cir. 1991)).  Porter's argument fails under Amendment 794 in any event.  He is not "substantially less culpable than the average participant in the criminal activity"—to the contrary, the district court considered substantial evidence that connected Porter to the conspiracy's purchase and transportation of heroin between New Orleans and Houston.

In addition, Porter argues that the district court clearly erred in finding that he was responsible for three to ten kilograms of heroin.  We are

No. 16-30807

unpersuaded.     The district court adopted the findings of the Presentence Investigation Report ("PSR") that the conspiracy involved between three and ten kilograms of heroin, and that Porter was responsible for this same amount. A "defendant has the burden of presenting rebuttal information to show that the information set forth in the PSR is 'materially untrue . . . .'" *United States v. Williams*, 2017 WL 4947130, at *1 (5th Cir. Oct. 31, 2017) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)).  Porter fails to meet this evidentiary burden.

Accordingly, the district court's judgment is AFFIRMED.