## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

No. 17-10804

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE EMMANUEL MORALES RITTINGGER,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CR-53-2

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

Defendant Jose Emmanuel Morales Rittingger was riding in a car that was pulled over on August 15, 2016, in Potter County, Texas. The trooper requested to search the vehicle and the driver, Joel Merida, consented. A subsequent search of the vehicle revealed over 44 pounds of heroin. Rittingger later pled guilty to count one of the superseding indictment, which charged him with possession with intent to distribute one kilogram or more of heroin

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10804

and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(i) and 18 U.S.C. § 2. The district court later sentenced Rittingger to 121 months in prison.

Rittingger appeals the district court's denial of a mitigating-role adjustment under U.S. Sentencing Guidelines § 3B1.2, as well as the district court's denial of safety-valve relief under U.S. Sentencing Guidelines § 5C1.2. The district court's factual findings in each instance are reviewed for clear error. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (citing *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010)).

A mitigating-role adjustment under the U.S. Sentencing Guidelines is only appropriate, under this Court's precedents, if a defendant is "peripheral" to the advancement of an underlying conspiracy. *See United States v. Porter*, 721 F.App'x 377 (5th Cir. 2018); *accord United States v. Castro*, 843 F.3d 608 (5th Cir. 2016). Here, the district court did not clearly err in determining, based on the record before it, that Rittingger did not act "peripheral[ly]" as part of the broader drug conspiracy. On the contrary, Rittingger was a key asset to the drug trafficking ring—he confirmed to federal agents that the drug cartel approached him in Mexico, directed him to pick up the car in New Mexico, and directed him to transport the large quantity of heroin to Chicago. Rittingger and Merida were necessary cogs of the drug conspiracy.

The district court similarly did not clearly err in denying safety-valve relief. Under U.S. Sentencing Guidelines § 2D1.1(b)(17), a defendant is eligible for safety-valve relief if he satisfies five criteria set forth in U.S. Sentencing Guidelines § 5C1.2. U.S. Sentencing Guidelines § 5C1.2(a)(5), the only criterion relevant to this case, provides that, "not later than the time of the

2

No. 17-10804

sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5). But here, an Assistant U.S. Attorney testified that Rittingger was not credible or honest during a suppression hearing, and Rittingger makes no attempt to meaningfully rebut the Assistant U.S. Attorney's testimony. There is also a plethora of barely contested additional evidence of Rittingger frequently changing his story to federal agents. Accordingly, the district court did not clearly err in denying safety-valve relief.

The judgment of the district court is AFFIRMED.