# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40177
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN FLORENCIO SALAS-LERMA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1706-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Florencio Salas-Lerma appeals the sentence imposed following his guilty-plea conviction for transporting an undocumented alien within the United States for private financial gain. He argues that the district court erred by denying a mitigating role adjustment under U.S.S.G. § 3B1.2 because he merely drove a truck in exchange for a reduced fee to the smuggler.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40177

Section 3B1.2 of the Sentencing Guidelines provides for various adjustments for a defendant "who plays a part . . . that makes him substantially less culpable than the average participant in the criminal activity." § 3B1.2, comment. (n.3(A)). The defendant has the burden of demonstrating he should receive an adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). This is a factual question we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). If the district court's findings are plausible in light of the record as a whole, there is no clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

First, Salas-Lerma failed to establish the role of an "average participant" in the instant offense. *See Castro*, 843 F.3d at 613. Although he compares himself to a man believed to be the leader of an alien smuggling organization, Salas-Lerma failed to provide any other information about this man or his role in the offense. Salas-Lerma also claimed to have received instructions from another man who was a passenger in the truck, but he also failed to provide any other information about this passenger or his role in the offense. Finally, Salas-Lerma has not shown that the leader of the smuggling organization constitutes an "average participant." *See id.* at 612.

In addition, the district court did not clearly err in finding that Salas-Lerma failed to show he was substantially less culpable than an "average participant." Unlike the other smuggled aliens, Salas-Lerma already was living in the United States, and he was seen with the reported leader of the smuggling organization helping to prepare the truck used in the offense. Other aliens gave statements indicating that Salas-Lerma instructed them where to hide in the truck, that Salas-Lerma received a phone call advising him that the truck was being followed, and that Salas-Lerma told the others to flee when he stopped the truck. These facts, which Salas-Lerma did not specifically

2

No. 19-40177

challenge or refute at sentencing, indicate that he had knowledge of the "scope and structure of the criminal activity," that he participated in "planning or organizing the criminal activity," that the "nature and extent" of his participation was important to the criminal activity, and that he had at least some decision-making authority.  § 3B1.2, comment. (n.3(C)).

AFFIRMED.