# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-41002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DIEGO PALACIOS-VILLALON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1929-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Diego Palacios-Villalon challenges his sentence at the bottom of his advisory Sentencing Guidelines sentencing range (57-months' imprisonment), imposed upon his pleading guilty to importing five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B). He asserts the district court erred by refusing to reduce his offense level under Guideline

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-41002

§ 3B1.2 (mitigating role), contending:  he was entitled to a mitigating-role reduction because his conduct was limited to transporting drugs and nothing in the record shows he understood the scope and structure of the criminal activity, participated in its planning or organizing, or exercised any decision-making authority; and the court erred by failing to make required findings pursuant to *United States v. Sanchez-Villarreal*, 857 F.3d 714, 722 (5th Cir. 2017), regarding the criminal activity's average participant.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Understandably, deciding whether to apply a mitigating-role reduction under Guideline § 3B1.2 is a factual finding reviewed for clear error.  *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted).  In that regard, "[a] factual finding is not clearly erroneous if it is plausible in [the] light of the record read as a whole".  *Id.* (citation omitted).  And, critical to the issues at hand, to establish entitlement to a mitigating-role reduction, defendant has the burden of showing, "by a preponderance of the evidence:  (1) the culpability of the average participant in the criminal activity; and (2) . . . [defendant] was substantially less culpable than that participant".  *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted).

2

No. 18-41002

Palacios has not satisfied this burden.  He has totally failed to:  show the level of culpability of the average participant in the offense, establish his own relative level of culpability, or otherwise demonstrate that he did so much less than other participants that he was peripheral to the criminal activity's advancement.  *See id.* at 613–14 (citation omitted).  Consequently, he has not shown entitlement to a mitigating-role reduction, *see id.*, and his contention based on *Sanchez-Villarreal* also fails.  *See United States v. Garcia-Miranda*, 780 F. App'x 127, 131 (5th Cir. 2019) (per curiam) (noting, when affirming sentencing court's determination defendant was not entitled to Guideline § 3B1.2 reduction, that "[i]n [the] light of [defendant's] failure of proof, and despite the [court's] absence of findings of what constituted the average, we see no basis for reversal").

AFFIRMED.