# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2020

Lyle W. Cayce
Clerk

No. 20-40077
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LILIA ABRIL OLMEDO-PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1088-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Lilia Abril Olmedo-Perez pleaded guilty to, *inter alia*, importing 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a); 960(a)(1) and (b)(2).  The district court sentenced her below the advisory Sentencing Guidelines sentencing range to 80 months' imprisonment.  As she did in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40077

district court, Olmedo challenges the court's not granting a mitigating-role reduction under Guideline § 3B1.2.

Although, post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g. United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). In this instance, only a claimed procedural error is at issue.

Our court's review of factual findings includes the district court's deciding whether defendant was a minor or minimal participant in order to apply a mitigating-role reduction under Guideline § 3B1.2. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted). Defendant's burden of showing her entitlement to a mitigating-role reduction must include two things: "(1) the culpability of the average participant in the criminal activity; and (2) that [defendant] was substantially less culpable than that participant". *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted).

Olmedo contends she was not involved as a leader, organizer, or supervisor; but, that contention alone is not enough. Again, she has the burden of proof. *See id.* at 613. Her objections to the presentence investigation report (PSR) failed to include information about the average

No. 20-40077

culpability of a participant. Similarly, she did not include facts to suggest she was less culpable than the average participant. Nor did she otherwise demonstrate that she participated so much less than other participants that she was peripheral to the advancement of criminal activity.

Instead, the PSR and record show Olmedo attempted to enter the United States while smuggling nearly four kilograms of cocaine and two kilograms of another drug. On an unknown number of prior occasions, she smuggled drugs and illicit proceeds between Mexico and the United States and was paid for those operations. In the light of these facts, the district court found Olmedo was at least an average participant. Given the court's findings and Olmedo's failure to provide necessary evidence to the contrary, the denial of the reduction was plausible in the light of the whole record. *See Gomez-Valle*, 828 F.3d at 327.

AFFIRMED.