# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2021

Lyle W. Cayce
Clerk

No. 20-10194
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JENNIFER LYNN SLIDER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-302-11

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Jennifer Lynn Slider appeals her sentence of 188 months of imprisonment following her guilty plea conviction of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. She contends

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10194

that the district court erred at sentencing by (1) declining a mitigating role adjustment under § 3B1.2 of the Sentencing Guidelines, (2) overruling her objection to the § 2D1.1(b)(12) enhancement, and (3) requiring her to prove that she was entitled to an adjustment under § 3B1.2.

We review the district court's "interpretation and application of the Guidelines *de novo*, and its factual findings for clear error." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* We will reverse for clear error "only if a review of the record results in a definite and firm conviction that a mistake has been committed." *Id.* (citation omitted).

Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes [her] substantially less culpable than the average participant in the criminal activity." § 3B1.2 cmt. n.3(A). Whether a defendant was a minor or minimal participant under § 3B1.2 is a factual finding that we review for clear error. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). The defendant has the burden of demonstrating her entitlement to a mitigating role adjustment based on the totality of the circumstances. *Id.*; § 3B1.2 cmt. n.3(C).

Slider has not shown that she is entitled to a mitigating role adjustment. *See* § 3B1.2 cmt. n.3(C)(i)–(v) (listing factors to consider). The record reflects that Slider understood the scope and structure of the drug conspiracy. She distributed methamphetamine and gamma hydroxybutyric acid (GHB) on behalf of Rodney Gardner, and she continued to distribute controlled substances and collect money from customers even after Gardner was arrested. Further, she was Joshua Hite's GHB distribution partner and methamphetamine supplier, and she had methamphetamine and GHB customers of her own. The record also shows that Slider participated in planning the criminal activity and exercised decision-making authority by

No. 20-10194

directing an unidentified coconspirator to deliver multiple ounce quantities of GHB to a codefendant, brokering GHB sales for Hite, maintaining her own methamphetamine and GHB customers, and organizing the removal of methamphetamine, heroin, and firearms from the home she shared with Gardner after he was arrested. She was also involved in the attempted cover-up of the conspiracy by removing drugs from the home, remotely erasing data from Gardner's iPhone, instructing a co-conspirator to lie to investigators, creating sham documents, and falsely testifying at Gardner's detention hearing to assist his being released on bond. The district court's denial of the mitigating role adjustment was not clearly erroneous.

Under § 2D1.1(b)(12) of the Guidelines, a defendant's base offense level can be increased by two levels if she "knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." § 2D1.1 cmt. n.17. "A district court's application of § 2D1.1(b)(12) is a factual finding reviewed for clear error." *See United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). Relevant factors for determining whether a defendant "maintained" a premises include (1) whether the defendant held a possessory interest in the premises and (2) "the extent to which the defendant controlled access to, or activities at, the premises." § 2D1.1 cmt. n.17.

Slider does not argue that the home she shared with Gardner was not maintained for the purpose of manufacturing or distributing a controlled substance. Instead, she argues that she did not have sufficient dominion and control over the home to "maintain" it for this purpose. We have held that unrestricted access to a premises indicates a "level of access, dominion, and control" that "suffices to support a maintenance finding under the deferential clear error standard." *United States v. Guzman-Reyes*, 853 F.3d 260, 264 (5th Cir. 2017) (alteration and citation omitted). Here, the record

establishes that Slider had unrestricted access to the home. She was Gardner's distribution partner and lived in the home with him for approximately three years. Although Slider disputes her designation in the presentence report as Gardner's distribution partner, she does not meet her burden of presenting rebuttal evidence to show that this designation is "inaccurate or materially untrue." *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013) (citation omitted). There is nothing in the record to suggest that Slider was limited in her use of the home. Further, upon Gardner's arrest, Slider had sufficient authority over and access to the home to have drugs and firearms removed. On these facts, the district court's application of the § 2D1.1(b)(12) enhancement was not clearly erroneous.

Finally, as Slider concedes, we have held that a defendant has the burden of showing that she is entitled to a mitigating role adjustment under § 3B1.2. *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005). Under our rule of orderliness, that holding remains binding precedent. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). As Slider acknowledges, her argument is therefore foreclosed.

Accordingly, the judgment of the district court is AFFIRMED.