# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-40546
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GABRIELA SALINAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-2203-6

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Gabriela Salinas pleaded guilty to conspiracy to possess with intent to distribute 13.90 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. She was sentenced within the guidelines range to 57 months of imprisonment and three years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Salinas appeals her sentence, arguing that the district court erred by denying her request for a minor or minimal role adjustment under U.S.S.G. § 3B1.2. She argues that an adjustment was warranted because she was among the least culpable, if not the least culpable, of the participants in the drug-trafficking organization. She also asserts that in denying her a mitigating-role adjustment, the district court erroneously compared her to a hypothetical drug courier instead of to the average participant in the organization.

We review preserved challenges to the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Whether a defendant is a minor or minimal participant under § 3B1.2 is a factual determination reviewed for clear error. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The record reflects that the district court understood the scope of the drug-trafficking organization and considered Salinas's role in that context notwithstanding that Salinas did not discuss, much less show by a preponderance of the evidence, the culpability of the average participant in the offense. *See id.* at 613. It is not true that the district court was focused on hypothetical scenarios rather than Salinas's particular case. Moreover, the record does not show that Salinas was "the least [or among the least] culpable of those involved," § 3B1.2, comment. (n.4), or that her involvement was "peripheral to the advancement of the illicit activity," *United States v. Anchundia-Espinoza*, 897 F. 3d 629, 634 (5th Cir. 2018) (internal quotation marks and citation omitted); *see Castro*, 843 F.3d at 613-14. Even if there are "two permissible views of the evidence," the district court's choice between them was not clearly erroneous. *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) (internal quotation marks and citation omitted); *see United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017).

No. 20-40546

Because the district court's factual determination is plausible in light of the record read as a whole, *see Castro*, 843 F.3d at 612, the district court's judgment is AFFIRMED.