# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2021

Lyle W. Cayce
Clerk

No. 20-40163
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDSON ROMAN GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-78-3

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Edson Roman Gonzalez appeals the 170-month, within-guidelines range sentence imposed upon his guilty plea to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. Gonzalez contends that (1) the district court erred by failing to apply a mitigating role

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40163

adjustment, (2) his sentence is substantively unreasonable because it creates an unwarranted disparity with a similarly situated codefendant, and (3) the district court erred by applying an importation enhancement. We affirm.

Gonzalez fails to show that the district court's finding that he was not substantially less culpable than the average participant in the drug trafficking conspiracy was not plausible in light of the record. *See* U.S.S.G. § 3B1.2 & comment. (n.3(A)); *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016); *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). He makes no showing that his actions of siphoning liquid methamphetamine from a transport vehicle to barrels for conversion into solid product and procuring supplies needed to perform the conversion were "at best . . . peripheral to the advancement of" the goals of the drug distribution conspiracy. *Castro*, 843 F.3d at 613-14 (internal quotation marks and citation omitted). That he may have "do[ne] less" than some other participants does not alone warrant a mitigating role adjustment. *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001).

Nor does Gonzalez show that the disparity between his sentence and the 120-month sentence received by his codefendant Delgado was unwarranted. *See* 18 U.S.C. § 3553(a)(6). Gonzalez and Delgado did not engage in "similar conduct," *id.*; Delgado was a mere "gopher" tasked only with confirming the delivery of liquid methamphetamine. The mere disparity between Gonzalez's and Delgado's sentences does not, without more, show that the district court abused its discretion or that Gonzalez's sentence is substantively unreasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *United States v. Lindell*, 881 F.2d 1313, 1324 (5th Cir. 1989).

No. 20-40163

Lastly, Gonzalez fails to show error in the district court's application of an importation enhancement. *See* U.S.S.G. § 2D1.1(b)(5). First, the district court did not err in finding that Gonzalez was not subject to a mitigating role adjustment so as to make § 2D1.1(b)(5) inapplicable. *See id*. Second, we have previously rejected the argument that § 2D1.1(b)(5) requires a showing of scienter as to the imported nature of methamphetamine. *See United States v. Serfass*, 684 F.3d 548, 550-54 (5th Cir. 2012).

The judgment is AFFIRMED.