# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2021

Lyle W. Cayce
Clerk

No. 19-50666
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUELA VILLA DE MORALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-755-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Manuela Villa de Morales was convicted by a jury of aiding and abetting the importation of at least 100 kilograms but less than 1000 kilograms of marijuana and aiding and abetting the possession with intent to distribute at least 100 kilograms but less than 1000 kilograms of marijuana.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

She was sentenced to concurrent terms of 78 months of imprisonment, followed by five-year terms of supervised release. She now appeals her conviction and sentence.

First, Villa de Morales argues that the magistrate judge erred in denying her *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge. *Batson* established a three-step process for examining an objection challenging the exclusion of a juror based on race. *See United States v. Thompson*, 735 F.3d 291, 296 (5th Cir. 2013). First, a defendant must make a prima facie showing that the prosecutor exercised a peremptory challenge based on race. *Hernandez v. New York*, 500 U.S. 352, 358 (1991). Next, "the burden shifts to the prosecutor to articulate a race-neutral explanation for" the challenged peremptory strike. *Id.* at 358-59. "[T]he explanation need not be persuasive, nor even plausible, but only race-neutral and honest." *United States v. Williams*, 264 F.3d 561, 571 (5th Cir. 2001). Third, "the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination." *Hernandez*, 500 U.S. at 359. Where, as in this case, the prosecutor offers explanations for the challenged peremptory strikes, we need only address the second and third steps of the *Batson* analysis. *See Williams*, 264 F.3d at 571.

Because the Government's explanations were not based on race, the Government satisfied its minimal burden at the second step of the *Batson* analysis. *See id.* Villa de Morales asserts that the Government used six of its seven peremptory strikes against Hispanic prospective jurors, but she fails to establish a discriminatory motive. *See Hernandez*, 500 U.S. at 359. The magistrate judge's denial of Villa de Morales's *Batson* challenge was not clear error. *See Thompson*, 735 F.3d at 296.

Next, Villa de Morales asserts that there was insufficient evidence to support her convictions. Because she failed to renew her motion for a

No. 19-50666

judgment of acquittal at the close of all the evidence, Villa de Morales has not preserved her claim for appeal, and it is reviewed for a "manifest miscarriage of justice." *United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012) (internal quotation marks and citation omitted).

Villa de Morales does not argue that the Government failed to prove that the substantive drug offenses occurred. Instead, she asserts that "the evidence was insufficient to show she aided and abetted." Villa de Morales maintains that "(1) she never drove the van to be used for transporting drugs, (2) was not even there when the drug transaction was attempted, (3) the van was not registered in her name, and (4) all she did was follow her husband to a store near where the transaction took place." However, the record is not devoid of evidence pointing to her guilt, nor is the evidence "so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted). Moreover, there was evidence from which the jury could have reasonably inferred that Villa de Morales aided and abetted the importation and possession of marijuana. *See United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007).

Finally, Villa de Morales argues that the district court erred in concluding that she did not qualify for a mitigating role reduction under U.S.S.G. § 3B1.2. Whether a defendant is a minor or minimal participant under § 3B1.2 is a factual determination that we review for clear error. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). To establish entitlement to a mitigating role reduction, the defendant has the burden of showing "(1) the culpability of the average participant in the criminal activity; and (2) that she was substantially less culpable than that participant." *Id.* at 613 (footnote omitted).

No. 19-50666

Villa de Morales has not satisfied that burden. She has failed to show the level of culpability of the average participant in the offense or her own relative level of culpability. *See id.* She has also failed to demonstrate that she did so much less than other participants that she was peripheral to the criminal activity's advancement. *See id.* at 613-14. Accordingly, the district court did not clearly err in denying Villa de Morales a mitigating role reduction.

The judgment of the district court is AFFIRMED.