# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2021

Lyle W. Cayce
Clerk

No. 21-40150
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Brian Alan Herrera-Valenzuela,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-780-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Brian Alan Herrera-Valenzuela appeals his 168-month sentence for importing 500 grams or more of methamphetamine. 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1); 18 U.S.C. § 2. He argues the district court erred in denying him a mitigating role reduction under U.S.S.G. § 3B1.2.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40150

Whether a defendant is a minor or minimal participant under § 3B1.2 is a factual determination that this court reviews for clear error. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted). Herrera-Valenzuela is entitled to a mitigating role adjustment only if he shows by a preponderance of the evidence: "(1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant." *Id.* at 613 (footnote omitted).

The record does not support Herrera-Valenzuela's contentions that the district court improperly compared his conduct to that of drug transporters in unrelated cases, persuaded the prosecutor to withdraw her recommendation for the adjustment, or concluded that he was precluded from receiving the adjustment because he had admitted to transporting drugs on a prior occasion. Rather, the record reflects that Herrera-Valenzuela transported a large quantity of methamphetamine in a vehicle registered in his name, and he was entrusted to bring back thousands of dollars to a co-conspirator in Mexico. In light of these facts, the district court did not clearly err in denying a mitigating role adjustment. *See id.* at 612-13; *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634-35 (5th Cir. 2018).

AFFIRMED.

2