# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2022

Lyle W. Cayce
Clerk

No. 20-40835
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Irvin Garces,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:19-CR-1205-1

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Irvin Garces appeals his 144-month sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine and interference with commerce through Hobbs Act robbery by unlawfully taking controlled substances and drug proceeds. Garces maintains that the district court erred

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in denying him a two-level reduction in his offense level under U.S.S.G. § 3B1.2(b) based on its finding that he was not a minor participant in the offense.

We review the district court's interpretation and application of the Guidelines *de novo* and its factual findings for clear error. *See United States v. Fernandez*, 770 F.3d 340, 342, 345 (5th Cir. 2014). Whether a defendant was a minor participant under § 3B1.2 is a factual determination that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

The record supports the district court's determination that Garces was not entitled to a reduction as a minor participant under § 3B1.2. This case involved Vallucos gang members and affiliates who conducted home invasions or carjackings to attempt to steal controlled substances or drug proceeds from 2017 to 2019. Garces was a known affiliate of Vallucos's who participated in two home invasions by acting as a lookout and driving the getaway car. The home invasions involved forcible entry, the use of firearms, verbal threats, and assaults of the victims.

Garces also participated in the conspiracy's drug trafficking by assisting in the sale of cocaine. His actions in both the home invasions and the cocaine distribution were important to the overall conspiracy. *See United States v. Castro*, 843 F.3d 608, 612–13 (5th Cir. 2016). Although this factor alone is insufficient to deny a mitigating-role adjustment, *see id.*, his vital or critical role as a lookout and getaway driver in the home invasions weighs against affording him such relief, *see United States v. Bello-Sanchez*, 872 F.3d 260, 265–66 (5th Cir. 2017). Garces was not entitled to a minor-role adjustment just because he did less than some other participants, *see United States*

No. 20-40835

*v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018), and he has not shown that he was substantially less culpable than the average participant, *see Castro*, 843 F.3d at 612–13. The district court's finding that Garces was not entitled to a minor-role adjustment is plausible in view of the record as a whole and, therefore, is not clearly erroneous. *See Gomez-Valle*, 828 F.3d at 327; *see also Zuniga*, 720 F.3d at 590.

AFFIRMED.