E. GRADY JOLLY, Circuit Judge:
This appeal arises from a district court’s denial of a mitigating role adjustment under U.S. Sentencing Guideline § 3B1.2. Because- the court’s analysis was not clearly erroneous, we AFFIRM.
I.
On April 27, 2015, Guadalupe Castro and Cynthia Uribe were arrested for • transporting six bricks of heroin weighing 5,992 grams in their vehicle, which Castro was driving. In post-arrest interviews, Castro and Uribe admitted to transporting narcotics for a drug trafficking organization (“DTO”). They confessed that, on at least two prior occasions, they had transported heroin from El Paso to the Dallas/Fort Worth area, receiving $2,000 each per trip. They also admitted to transporting heroin at least once to Albuquerque, New Mexico, receiving $1,000 each for that trip.
On May 13, 2015, a federal grand jury charged Castro with one count of conspiracy to possess with intent to distribute a controlled substance. Castro pled guilty on June 26, 2015.
*610 During pre-sentencing, Probation did not recommend a mitigating role adjustment under § 3B1.2 in Castro’s Presen-tence Investigation Report (“PSR”). Despite Castro’s objection, in the PSR’s Addendum, Probation maintained that Castro was not entitled to a § 3B1.2 adjustment, stating that:
Using the current 2014 Sentencing Guidelines, [Castro] does not qualify for a mitigating role reduction based on her participation and involvement in the conspiracy. ... [T]he Fifth Circuit held that the defendant must be ‘peripheral to the advancement of criminal activity.’ As a courier who committed drug-trafficking crimes on more than one occasion, the defendant is not peripheral to the advancement of criminal activity. In fact, a courier plays an integral role in moving narcotics north from Mexico, further into the United States.
The district court reviewed, among other sentencing items, the PSR, Addendum, and the arguments on Castro’s objection that she was entitled to a mitigating role adjustment. And, in a pre-sentencing order, it tentatively concluded that Castro’s objection was without merit.
At sentencing on October 9, 2015, the district court again denied Castro’s objection, explaining that it was “not persuaded that the defendant ha[d] carried the defendant’s burden to prove the lower participant category.” The court then adopted the PSR’s and Addendum’s factual findings and conclusions as its own, as well as those expressed from the bench during the sentencing hearing. And the court sentenced Castro to sixty months of imprisonment, supervised release for two years, and a special assessment of $100.[1]
Castro has timely appealed. She asks this Court to vacate the district court’s judgment and remand for resentencing because: (1) the district court committed clear error by adopting Probation’s interpretation of § 3B1.2, which Amendment 794 clarifies is the wrong standard because it focuses on the integral nature of Castro’s role in the drug conspiracy; and (2) the court’s error was not harmless.
II.
The parties dispute whether Amendment 794 is retroactively applicable, which depends on whether the Amendment is substantive or clarifying. But we find it unnecessary to decide this question because we will treat the Amendment as if it were retroactively applicable, which will show that Castro does not benefit from the Amendment.[2] Thus, the issue before us is whether the district court clearly erred by denying Castro a mitigating role adjust *611 ment under § 3BX.2 as modified by Amendment 794.
A..
It is necessary to describe § 3B1.2 and Amendment 794’s impact on it before considering whether the district court erred in its application of § 3B1.2. When Castro was sentenced, the 2014 Sentencing Guidelines were in effect. Section 3B1.2 provided:
Based on the defendant’s role in the offense, decrease the' offense level as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b) if the defendant was a minor participant in any criminal activity, decrease by 2 levels.
In cases falling between (a) and (b), decrease by 3 levels.
The 2014 commentary explained that the decision to apply an adjustment is “heavily dependent on the facts” and “based on the totality of the circumstances.” U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(C) (U.S. SENTENCING Comm’n 2014) [hereinafter 2014 Manual], But a “range of adjustments” is available for a defendant who “plays a part in committing the offense that makes him substantially less culpable than the average participant.” Id. at n.3(A) (emphasis added). A “minimal participant” is a defendant who is “plainly among the least culpable of those involved in the conduct of a group.” Id. at n.4. A “defendant’s lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant.” Id. By contrast, a “minor participant” is a defendant “who is less, culpable than most other participants, but whose role could not be described as minimal;” Id. at n.5.
When Castro was sentenced, Amendment 794 was not yet effective. Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015) (stating that Amendment 794 was effective on November 1, 2015). Prompted by a study that found that § 3B1.2 “is applied inconsistently and more sparingly than the Commission intended,” the Sentencing Commission passed Amendment 794 to resolve “a circuit conflict” and “provide[] additional guidance ... in’ determining whether a mitigating role adjustment applies.” U.S. SENTENCING GUIDELINES MANUAL: Supplement to Appendix C amend. 794, at 117 (U.S. Sentencing Comm’n 2015) [hereinafter 2016 Manual]. Amendment 794 “left the text of § 3B1.2 unchanged but made various revisions to the commentary.” United States v. Gomez-Valle, 828 F.3d 324, 328 (5th Cir. 2016).
Four revisions are important here. First, the Commission specified that the “average participant” inquiry requires courts to compare the defendant “with the other participants % the criminal activity.’ ” 2015 Manual, amend. 794, at 117. Second, the Commission explained that “[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment ... if he or she is substantially less culpable than the average participant in the criminal activity.” Id. at 116 (emphasis added). Third, the Commission added a “non-exhaustivé list of factors for [courts] to consider in determining whether to apply a[n] ... adjustment and, if so, the amount of the adjustment.” Id. at 118.[3] Finally, the Commission *612 stated that “a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for' an adjustment under this guideline.” Id. at 116.
B.
We now turn to the crux of this appeal: whether the district court clearly erred by not granting Castro a mitigating role adjustment under § 3B1.2 as modified by Amendment 794, assuming arguendo that Amendment 794 applies. “Whether [a defendant] was a minor or minimal participant is a factual determination that [we] review for clear error. A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole.” United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005) (citations omitted).
Castro argues that the ' district court erred by adopting the Addendum, which contained Probation’s interpretation of § 3B1.2. The Addendum, Castro claims, did not consider Amendment 794’s factors or compare her to others and incorrectly focused on whether she played an integral role in the offense — a factor that was never part of the analysis. Moreover, she played a lesser role in the drug conspiracy than others in the DTO.
The Government counters that Castro has not demonstrated clear error. The court, did not solely base its decision on the Addendum. It also considered Castro’s arguments based on the factors outlined in Amendment 794, her conduct, the benefit she received for her involvement, the conduct of her co-participants, and her knowledge of the DTO, which supported a Section 5K1.1 downward departure. The court denied the reduction because it simply was not persuaded that Castro was substantially less culpable than the average participant.
We agree with the Government that'the district court did not clearly err in denying Castro the mitigating role adjustment. “Amendment 794 does not provide an affirmative right to a § 3B1.2 reduction to every actor but the criminal mastermind.” Gomez-Valle, 828 F.3d at 331 (emphasis in original). Castro could “be a courier without being substantially less culpable than the average participant.” E.g., United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). And Castro bore “the burden of proving by a preponderance of the evidence that the adjustment [was] warranted.” United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001).
The district court’s conclusion that Castro did not meet her burden is plausible in the light of the whole record. First, the determination of whether Castro was “integral” to the offense is still part of § 3B1.2’s analysis. .Amendment 794’s commentary states that a court should not refuse an adjustment “solely because” a defendant was “‘integral’ or ‘indispensable’ to the commission of the offense.” 2015 MaNual, amend. 794, at 118, Because that fact “is not determinative,” judges should also ponder whether a defendant is “substantially less culpable than the average participant in the criminal activity.” Id. at 116. In short, a court does not err by taking into account a defendant’s integral role in an offense when deciding whether *613 she is entitled to a § 3B1.2 adjustment, as long as her role is not the sole or determinative factor in its decision.
By adopting the Addendum’s conclusions, the district court indicated that Castro’s integral role in the drug trafficking conspiracy was a factor in its decision to deny the adjustment, but the record does not support Castro’s contention that this was the determinative or sole factor. The court had before it the evidence presented at the sentencing hearing, the PSR, the Addendum, and the parties’ arguments over Castro’s objections to the PSR and Addendum. This evidence detailed Castro’s conduct in the conspiracy, as well as the conduct of other participants in the DTO,[4] including that of her co-transporter Uribe (who received the same sentence as Castro). It also provided the court with Amendment 794’s relevant language and comparative analysis factors and explained how they applied to Castro. The pre-sen-tencing order and holding at. sentencing demonstrate that the court considered Castro’s arguments: it simply found them without merit and was not persuaded that Castro had carried her burden of proof,[5]
Finally, the .district court’s rulings highlight the fundamental flaw in Castro’s position: Castro bore the burden of proof, but she did not make the showing that § 3B1.2 requires, As the commentary makes clear, § 3B1.2’s basic inquiry is whether a defendant “play[ed] a part in committing the offense that makes [her] substantially less culpable than the average participant” “in the criminal activity.” 2015 Manual, amend. 794, at 116 — 17; 2.014 Manual, § 3B1.2 cmt. n.3(A), Contrary to her assertion, Castro is not entitled to a § 3B1.2 adjustment just because she played a lesser role than others in the criminal activity. Castro is only entitled to a mitigating role adjustment if she showed by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity;[6] and (2) that she was substantially less culpable than that participant.
Castro did not make either showing. She never showed the culpability of the average participant in the drug trafficking conspiracy. And she certainly did not show that she was substantially less culpable than the average participant, even assuming arguendo that the “average participant” was other drivers' in the DTO or other participants in the DTO who were in possession of heroin with the intent to distribute, This Court has repeatedly explained that “[i]t is improper for a court to award a [§ 3B1.2] adjustment simply because a defendant does less than the other participants^] ... the defendant must do enough less so that [s]he at best was peripheral to the advancement of the illicit *614 activity.” E.g., United States v. Thomas, 932 F.2d 1085, 1092 (5th Cir. 1991). Castro, together with Uribe, helped acquire license plates for a vehicle used to transport drugs, traveled thousands of miles on multiple trips for the DTO, delivered kilogram amounts of heroin for the DTO, and repeatedly took drug proceeds back to the DTO. Given this and the other information the court had before it, it is certainly plausible that Castro was not substantially less culpable than the average participant. See Torres-Hernandez, 843 F.3d at 208-10, 2016 WL 7118458, at *5. Consequently, the court did not clearly err in denying Castro a § 3B1.2 adjustment.
III.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

. We recognize that the Ninth and Eleventh Circuits have held that Amendment 794 is a clarifying amendment. United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016); United States v. Casas, 632 Fed.Appx. 1003, 1005 (11th Cir. 2015). But the First Circuit and other panels of this Court have declined to decide whether the Amendment is clarifying or substantive for the same reason that we do here; the defendant could not prevail, even if the Amendment were retroactively applicable. United States'v. Cumby, No. 15-10665, slip op. at 6 (5th Cir. July 7, 2016) (unpublished and sealed); United States v. Gomez-Valle, 828 F.3d 324, 331 (5th Cir. 2016); United States v. Morosco, 822 F.3d 1, 24 (1st Cir. 2016),

. The factors are as follows: (1) “the degree to which the defendant understood ■ the scope and structure of the criminal activity”; (2) "the degree to which the defendant partici *612 pated in planning or organizing the criminal activity"; (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority”; (4) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and (S) "the degree to which the defendant stood to benefit from the criminal activity," Id. at 116..

. The district court was aware of, among others, the individuals: (1) who loaded and unloaded the drugs into Castro and Uribe’s vehicle on multiple trips; (2) who took Castro and Uribe to a dealership to buy the vehicle they used to transport drugs; (3) who directed them to the intended recipients of the drugs; (4) who was the source of the heroin in Mexico; and (5) who they delivered heroin to in North Texas and New Mexico,

. The court did not err by not expressly weighing Amendment 794's factors, ”[T]he " Commission expressly stated that [the factors] are nonexclusive, and they are only factors.” United States v. Torres-Hernandez, No. 15-41654; 843 F.3d 203, 209, 2016 WL 7118458, at *5 (5th Cir. Dec. 6, 2016). Moreover, the district court had enough evidence in the record before it to weigh the Amendment’s factors, And because the parties spent significant time briefing the issue, “we can infer the judge considered and rejected defense counsel’s points before selecting the sentence.” Morosco, 822 F.3d at 24.

.The criminal activity is the crime with which Castro was charged (conspiracy to possess with intent to distribute a controlled substance).