# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40792
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ABRAHAM BENAVIDES-CIRA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-281-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Abraham Benavides-Cira pleaded guilty to conspiracy to export a defense article without obtaining a license or written authorization and possession of a firearm with a removed, obliterated, or altered serial number; he was sentenced within the guidelines range to a total of 135 months of imprisonment.  He now appeals his sentence, arguing that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly erred by refusing to grant him a mitigating role adjustment under U.S.S.G. § 3B1.2.

Benavides-Cira's notion that he was a minor or minimal participant because he was he was "merely a negotiator," "middleman," and "facilitator" in the criminal activity is unavailing. Benavides-Cira was actively involved in finding suppliers for the illicit firearms and in the actual or attempted negotiations, delivery, and sale of eight firearms to undercover agents over a four-month period. As part of those negotiations, he communicated directly with undercover agents through five in-person meetings, telephone conversations, and text messages, and he was present for the sale and transfer of three firearms and the attempted sale of five firearms that preceded his arrest in this case.

Benavides-Cira had the burden of proving by a preponderance of the evidence that he was "substantially less culpable than the average participant in the criminal activity." § 3B1.2, comment. (n.3(A)); *see United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). The district court's implicit conclusion that he failed to meet this burden is plausible in light of the record as a whole. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Accordingly, the district court did not clearly err by denying Benavides-Cira's request for a mitigating role adjustment. *See id.*

AFFIRMED.