# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ASHTON BERNARD SHELTON, also known as A-1,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-57-6

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ashton Bernard Shelton challenges the sentence imposed following his guilty-plea conviction of conspiracy to distribute and to possess with intent to distribute cocaine and crack cocaine. 21 U.S.C. §§ 841(a)(1) and 846. Shelton argues that the district court erred in denying him a minor role adjustment to his offense level and in determining the quantity of narcotics attributable to him. We review the district court's sentencing decision for abuse of discretion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31165

*United States v. Goncalves*, 613 F.3d 601, 604 (5th Cir. 2010).  Because Shelton preserved the issues he raises on appeal, we review the district court's application of the Guidelines de novo and its factual findings for clear error. *Id.* at 604-05.

Section 3B1.2 of the Sentencing Guidelines provides for a two-level reduction to a defendant's offense level where the defendant "is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  § 3B1.2, comment (n.5).  Shelton has the burden of proving by a preponderance of the evidence that a § 3B1.2 adjustment is warranted.  *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The evidence adduced at sentencing and in the PSR shows that Shelton was in frequent contact with his co-conspirators regarding narcotics supply and deals, that he repeatedly used the same connections within the conspiracy to obtain drugs, that he actively engaged in setting up drug deals, and that he participated generally in the distribution network.  *See* § 3B1.2, comment (n.3(C)).  The district court's decision not to apply the minor role adjustment is plausible in light of these facts.  *See Goncalves*, 613 F.3d at 604-05.

Likewise, as to the drug weight attributed to Shelton, the evidence reveals that Shelton joined and remained in the conspiracy for a number of months prior to his arrest, that he dealt with a variety of narcotics and quantities of those narcotics, and that he was in frequent contact with his co-conspirators regarding all aspects of the drug transactions.  *See United States v. Turner*, 319 F.3d 716, 724 (5th Cir. 2003); U.S.S.G. § 1B1.3(a)(1)(B).  As well, the evidence shows that the overall conspiracy involved at least 108 grams of crack cocaine, and that, in the course of the conspiracy, Shelton was actively involved with the sale of 15.23 grams of crack cocaine in one sale as well as

No. 16-31165

smaller amounts of crack cocaine in several other sales.  *See* § 1B1.3(a)(1)(B).
The district court's attribution of at least 28 grams but less than 112 grams of
crack cocaine is plausible in light of that record.  *See Goncalves*, 613 F.3d at
604-05.

The decision of the district court is AFFIRMED.