# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10524
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREG CLAY,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-243-9

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Greg Clay pleaded guilty to using a communication facility to facilitate a drug felony and was sentenced to 46 months of imprisonment and one year of supervised release. On appeal, he argues that the district court clearly erred by denying him a minimal role adjustment pursuant to U.S.S.G. § 3B1.2(a). He also argues for the first time on appeal that the district court employed an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10524

erroneous methodology and provided an insufficient explanation when it denied him a minimal role adjustment.

Whether a defendant was a minimal participant under § 3B1.2 is a factual determination that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). If the district court's findings are plausible in light of the record as a whole, there is no clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012). The defendant has the burden of demonstrating his entitlement to a minimal role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). A minimal participant is one who "plays a minimal role in the criminal activity" and is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. The district court's conclusion that Clay did not meet his burden of proof that he was entitled to a four-level minimal role adjustment is plausible in light of the whole record. *See Castro*, 843 F.3d at 612.

As to Clay's second argument, because Clay did not object in the district court to its methodology or the sufficiency of its explanation when it denied him a four-level minimal role adjustment, his challenge is subject to plain error review. *See United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014). Clay fails to meet the plain error standard. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is AFFIRMED.