# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10835
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRECIOUS ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-39-3

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

Precious Alexander appeals her 108-month sentence for bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. She argues the district court erred by (1) imposing an abduction enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(A) based on a co-defendant's conduct, (2) determining that the use of dangerous weapons was reasonably foreseeable to her and overruling her objection to a U.S.S.G. § 2B3.1(b)(2)(D) enhancement,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10835

and (3) denying her a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). "[W]e review the application of the Guidelines de novo and the district court's factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (emphasis omitted) (quoting *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)).

For robbery offenses, the Guidelines provide a four-level enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." U.S.S.G. § 2B3.1(b)(4)(A).  A person is abducted if he or she is "forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, comment. (n.1(A)); § 2B3.1, comment. (n.1).  Alexander argues that her co-defendant, Cedric Burns, did not abduct the employees of the credit union during the robbery because he forced them to move within a single room.  While inside the bank, Burns pointed replica guns at three employees and ordered them to exit the teller area and to lie on the ground.  Burns "escorted" one employee at gunpoint to the vault, but she did not know the security code to open it.  At gunpoint, Burns ordered another employee to use the code to unlock the vault.  After vault was opened and Burns had taken the money, he walked two employees at gunpoint to the cash recycling machine.  The two employees were unable to open the machine, so Burns ordered the third employee, at gunpoint, to unlock it.  Burns ordered the employees to lie on the ground, and he and another of Alexander's accomplices fled.

Alexander's arguments are unavailing because we apply a flexible interpretation to the phrase "a different location" and do not "mechanically" require "the presence or absence of doorways, lot lines, thresholds, and the like." *United States v. Hawkins*, 87 F.3d 722, 726-28 (5th Cir. 1996). Moreover, we have upheld the application of the enhancement on similar facts, rejecting

similar arguments. *United States v. Johnson*, 619 F.3d 469, 473-74 (5th Cir. 2010).

Alexander also argues that the abduction was not reasonably foreseeable to her. According to the presentence report (PSR), Alexander had participated in previous robberies with Burns and had planned the instant offense with him and the other co-conspirators. In some of those robberies, Burns forced bank tellers to retrieve cash from various locations in the bank or otherwise move to different areas in the bank. Alexander claims that she had no actual knowledge of Burns's actions during the robberies and should not have had a reason to think he would abduct anyone, but Burns's actions only needed to be reasonably foreseeable to Alexander. *See* U.S.S.G. § 1B1.3(a)(1)(B). To the extent the Alexander argues that the district court mistakenly relied on the facts in the PSR, she did not introduce any evidence to refute the PSR and therefore failed to meet her burden to show that the PSR was unreliable. *See United States v. Cervantes*, 706 F.3d 603, 620-21 (5th Cir. 2013). The district court's finding that the abductions were reasonably foreseeable "is plausible in light of the record as a whole" and not clearly erroneous. *See United States v. Bazemore*, 839 F.3d 379, 387 (5th Cir. 2016) (quoting *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006)).

Next, Alexander argues that her co-defendants' use of dangerous weapons—replica firearms—was not reasonably foreseeable to her. However, given the nature of the crime of credit union robbery, the use of dangerous weapons was reasonably foreseeable in this case. *See United States v. Jordan*, 945 F.3d 245, 264 (5th Cir. 2019), *cert. denied*, 2020 WL 1906705 (U.S. Apr. 20, 2020) (No. 19-8020); *see also United States v. Burton*, 126 F.3d 666, 679 (5th Cir. 1997). Moreover, FBI agents and police officers observed Alexander meet with her co-defendants to plan the robbery before the offense. She had acted

as the getaway driver in previous bank robberies in which her co-conspirators used replica weapons. To the extent that she challenges the factual statements in the PSR, she failed to introduce evidence to show that the PSR was unreliable. *See Cervantes*, 706 F.3d at 620-21. The district court's determination that the use of dangerous weapons was reasonably foreseeable "is plausible in light of the record as a whole." *See Bazemore*, 839 F.3d at 387 (quoting *Caldwell*, 448 F.3d at 290).

Finally, if the court finds that the defendant was a minor participant in the offense, a two-level reduction should be applied. U.S.S.G. § 3B1.2; *see Gomez-Valle*, 828 F.3d at 328-29. The PSR indicates that Alexander was an average participant who understood the scope and structure of the criminal conspiracy because of her involvement in prior robberies and her participation in planning the instant offense. While Burns exercised the decision-making authority in the scheme, Alexander, along with her co-defendant Antranette Canady, had the role of facilitating the escape after the robbery. Alexander's compensation was comparable to her co-conspirators' compensation in previous robberies. Given these facts, the district court's determination that she was not entitled to a minor role adjustment is not clearly erroneous. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

Given the foregoing, the judgment of the district court is AFFIRMED.