# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2021

Lyle W. Cayce
Clerk

No. 20-30585
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIE PLAYER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-25-6

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Willie Player pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and was sentenced to 151 months of imprisonment to be followed by a five year term of supervised release. He appeals the district court's denial of his request for a mitigating

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

role adjustment under U.S.S.G. § 3B1.2, which is a factual issue that we review for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

The defendant has the burden of demonstrating his entitlement to a mitigating role adjustment. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). Courts are to determine relative culpability in this context by comparing a defendant with other participants in the crime at hand, not with the broader universe of persons who commit similar crimes. *See Gomez-Valle*, 828 F.3d at 329. Consequently, a defendant "is only entitled to a mitigating role adjustment if [he] showed by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant." *Castro*, 843 F.3d at 613 (footnote omitted). A § 3B1.2 adjustment is not warranted simply because a defendant "played a lesser role than others in the criminal activity." *Id.*

The determination whether a defendant is entitled to a mitigating role adjustment "is based on the totality of the circumstances" and will be "heavily dependent upon the facts of the particular case." § 3B1.2, comment. (n.3(C)). Factors that the district court should consider in making this determination include the extent of the defendant's understanding of "the scope and structure of the criminal activity"; to what degree "the defendant participated in planning or organizing the criminal activity"; to what degree the defendant had or influenced the exercise of decision-making authority; "the nature and extent of the defendant's participation in the commission of the criminal activity"; and "the degree to which the defendant stood to benefit from the criminal activity." *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (internal quotation marks and citation omitted).

No. 20-30585

Player fails to establish clear error. Although he argues that he was simply an addict who primarily purchased methamphetamine to feed his habit and cites several factors that he asserts support his request for a mitigating role adjustment, Player cites nothing in the record that would establish by a preponderance of the evidence that he was substantially less culpable than the average participant. *See Castro*, 828 F.3d at 613; *Gomez-Valle*, 828 F.3d at 329. Accordingly, the judgment of the district court is AFFIRMED.