# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 21-40311
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTIN MARTINEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-510-1

---

Before OWEN, *Chief Judge*, and SMITH and ELROD, *Circuit Judges*.

PER CURIAM:*

Martin Martinez pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine. The district court sentenced Martinez to 262 months of imprisonment and five years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40311

Martinez's sole argument on appeal is that the district court erred in refusing to award a mitigating role adjustment under U.S.S.G. § 3B1.2. The district court's denial of a reduction for a mitigating role is a factual determination that is reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Martinez does not challenge any of the factual findings contained in the Presentence Report defining the offense conduct. Martinez argues that he was not the owner of the narcotics, did not plan the importation of the narcotics, and did not control others, but fortuitously came across the narcotics and kept them. He does not argue that his role was peripheral to the distribution of the methamphetamine; rather, he argues simply that he did less than others. This is insufficient to warrant a § 3B1.2 mitigating role adjustment. *See United States v. Castro*, 843 F.3d 608, 613-14 (5th Cir. 2016). The district court did not clearly err in refusing to grant him a mitigating role adjustment. *See Villanueva*, 408 F.3d at 203.

AFFIRMED.