# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2022

Lyle W. Cayce
Clerk

No. 21-40476
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO SALAZAR-FIGUEROA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1787-2

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:[*]

Fernando Salazar-Figueroa pleaded guilty to possessing with intent to distribute 58.9 kilograms of cocaine. The district court sentenced him to 60 months of imprisonment, below the advisory guidelines range. On appeal, he

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

challenges the district court's refusal to grant a mitigating role reduction under U.S.S.G. § 3B1.2.

We review factual findings, including the determination whether to apply a mitigating role reduction under § 3B1.2, for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted). The defendant has the burden of showing his entitlement to a mitigating role reduction and must demonstrate two things: "(1) the culpability of the average participant in the criminal activity; and (2) that [the defendant] was substantially less culpable than that participant." *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted).

The district court's denial of the § 3B1.2 reduction was plausible in light of the record as a whole. *See Gomez-Valle*, 828 F.3d at 327. While Salazar-Figueroa pointed to another individual as the leader or organizer of the criminal activity, he failed to show the level of culpability of the average participant in the offense. *See Castro*, 843 F.3d at 613. And mitigating role reductions under § 3B1.2 do not automatically apply to every actor except the criminal mastermind. *See Gomez-Valle*, 828 F.3d at 331. Thus, the district court did not clearly err in refusing to grant a § 3B1.2 reduction. *See id.* at 327; *Castro*, 843 F.3d at 613.

The judgment is AFFIRMED.