# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2022

Lyle W. Cayce
Clerk

No. 21-40239
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSCAR FRANCO-LOPEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-71-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Oscar Franco-Lopez pleaded guilty to possession of 500 grams or more of methamphetamine and unlawful possession of a firearm and ammunition by an alien. He received a below-guidelines sentence of 140 months of imprisonment on the drug offense, which was ordered to run

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40239

concurrently with the 10-year term of imprisonment imposed for his firearm and ammunition offense.  He filed a timely notice of appeal and now challenges the district court's denial of his request for a two-level minor-role adjustment under U.S.S.G. § 3B1.2(b).

A "minor participant" is any participant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  § 3B1.2, comment. (n.5).  Whether Franco-Lopez was a minor participant under § 3B1.2 is a factual question that this court reviews for clear error, and the district court's finding will not be disturbed unless it is implausible in light of the record as a whole.  *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Franco-Lopez argues that the district court failed to properly weigh the appropriate factors for assessing relative culpability.  He further asserts that his participation in the criminal offense was substantially less culpable than that of the average participant under the relevant factors and that the district court's error was not harmless.

Notwithstanding the circumstances cited by Franco-Lopez and his arguments to the contrary, the district court weighed the relevant factors as it saw fit under the circumstances, *see United States v. Torres-Hernandez*, 843 F.3d 203, 210 (5th Cir. 2016), and plausibly found that Franco-Lopez's actions were not peripheral to the advancement of the offense at issue, possession with intent to distribute the stolen methamphetamine, but instead established that his participation was average relative to the other persons that he identified as participants in the offense, *see United States v. Castro*, 843 F.3d 608, 613-14 (5th Cir. 2016); *Gomez-Valle*, 828 F.3d at 331. Accordingly, no clear error has been shown.  *See Castro*, 843 F.3d at 613-14.

The judgment of the district court is AFFIRMED.