# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 21-50630
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AKHABUE EHIS ONOIMOIMILIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-169-2

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Following pleading guilty, Akhabue Ehis Onoimoimilin was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§§ 1956(a)(1)(B)(i), (h).    He was sentenced to, *inter alia*, a within-Sentencing-Guidelines term of 87 months' imprisonment.

Onoimoimilin challenges his sentence on four bases:  the loss calculation; application of sophisticated-means and sophisticated-laundering enhancements; and denial of a mitigating-role reduction.  As discussed *infra*, three of the four challenges are reviewed only for clear error:  was the finding "plausible in [the] light of the record".  *E.g.*, *United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013).  The other challenge is reviewed only for plain error.  (He also presents three claimed errors by the magistrate judge at rearraignment, but concedes they are not reversible error.)

Regarding the loss calculation, Onoimoimilin contends that the $2,277,659.07 which his unnamed co-defendant attempted to launder should not have been attributed to him as relevant conduct.  Loss and relevant-conduct findings are reviewed for clear error.  *See United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008) (loss finding); *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999) (relevant-conduct finding).

The district court could have plausibly found:  Onoimoimilin and his co-defendant shared an agreement to launder the proceeds of the business-email compromise scams and romance-fraud scams; his co-defendant's laundering activities were within the scope and in furtherance of the jointly-undertaken activity; and those activities were reasonably foreseeable.  *See* Guideline § 1B1.3(a)(1)(B) (detailing jointly-undertaken criminal activity).  In short, Onoimoimilin has not shown the requisite clear error.

The challenge to the application of the two-level enhancement under Guideline § 2B1.1(b)(10)(C) for sophisticated means, on the ground that there was no evidence his offense involved them, is also reviewed for clear error.  *Valdez*, 726 F.3d at 692 (noting our court "review[s] the . . .

interpretation and application of the Guidelines *de novo*, and . . . findings of fact for clear error).

For the business-email compromise scams, the scammers used complex computer-intrusion techniques to trick victims into wiring funds to Onoimoimilin's bank accounts. For the romance-fraud schemes, the scammers, often located in other countries, created fake dating profiles to persuade their victims, some of whom were also located in other countries, to wire money to Onoimoimilin's bank accounts in the United States. He admitted he received and laundered the proceeds of the scams. Additionally, he used a fraudulent foreign passport to open at least one of his bank accounts. Again, there was no clear error. *See id.*

In challenging the application of a two-level enhancement under Guideline § 2S1.1(b)(3) for sophisticated laundering, Onoimoimilin asserts the same conduct served as the basis for the Guideline § 2B1.1(b)(10)(C) sophisticated-means enhancement. Because he did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Because the conduct used to support the § 2S1.1(b)(3) enhancement differed from the conduct used to support the § 2B1.1(b)(10)(C) enhancement, the court did not commit the requisite clear or obvious error in applying the former.

No. 21-50630

The final challenge, to the denial of a mitigating-role reduction under Guideline § 3B1.2, is also reviewed for clear error. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). Onoimoimilin has not shown that he was substantially less culpable than the average participant, or that he was peripheral to the criminal activity. *See United States v. Anchundia-Espinoza,* 897 F. 3d 629, 634–35 (5th Cir. 2018) ("[I]n order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity".); *Castro*, 843 F.3d at 612 (affirming denial of mitigating-role reduction because defendant not "substantially less culpable than the average participant" (citation omitted)).

AFFIRMED.