# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 21-50426
Summary Calendar

———

United States of America,

*Plaintiff—Appellee*,

*versus*

Orlando Rodriguez Torres,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-363-1

———

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Orlando Rodriguez Torres was sentenced to 168 months of imprisonment after pleading guilty to possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§ 841(a)(1).  On appeal, he contends that the district court clearly erred in denying him a minor role adjustment under U.S.S.G. § 3B1.2.

The determination whether a defendant is entitled to a mitigating role adjustment under § 3B1.2 is a factual determination that we review for clear error.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  Rodriguez Torres is entitled to a mitigating role adjustment only if he shows by a preponderance of the evidence:  "(1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant."  *United States v. Castro*, 843 F.3d 608, 612–13 (5th Cir. 2016).

The record reflects that Rodriguez Torres was not substantially less culpable than the average participant.  Rodriguez Torres received a delivery of 16 pounds of methamphetamine, stored it overnight at his house, and delivered it to a hotel room the next day.  Another participant merely called Rodriguez Torres, told him to answer a phone call he would receive, and told him to deliver the methamphetamine to the location that the other caller would provide.  A different participant simply delivered the methamphetamine to Rodriguez Torres.  Although the commentary to § 3B1.2 provides that a defendant who merely stores or transports drugs, or who only is paid to perform certain tasks, "may" receive a reduction, the commentary also provides that the decision to grant a reduction is "based on the totality of the circumstances" and "heavily dependent on the facts of the particular case."  § 3B1.2, comment. (n.3(A), (C)).  While Rodriguez Torres may have been less culpable than the person who provided the methamphetamine and negotiated its sale, we conclude that the district court did not clearly err in finding that he did not show that he was substantially less culpable than the "average" participant.

Accordingly, the judgment of the district is AFFIRMED.