# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2022

Lyle W. Cayce
Clerk

No. 21-40729
Summary Calendar

───────────

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS ALBERTO GARCIA-GLORIA,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-812-1

───────────

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Luis Alberto Garcia-Gloria was sentenced to 168 months of imprisonment after pleading guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On appeal, he contends that the district court clearly

───────────

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

erred in determining that he was not entitled to a minor or minimal participant reduction under U.S.S.G. § 3B1.2.

The determination whether a defendant is entitled to a mitigating role adjustment under § 3B1.2 is a factual determination that we review for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). There is no clear error if a factual finding is plausible in light of the record as a whole. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). A defendant is entitled to a mitigating role adjustment only if he shows by a preponderance of the evidence: "(1) the culpability of the average participant in the criminal activity; and (2) that [he] was substantially less culpable than that participant." *Id.* at 613 (footnote omitted).

While Garcia-Gloria contends that he played a minor or minimal role in the conspiracy, a defendant is not entitled to a mitigating role reduction merely because he was responsible for only transporting drugs. *See id.* at 612. The district court found that Garcia-Gloria was at least an average participant based on statements from a co-conspirator indicating that Garcia-Gloria delivered speaker boxes containing drugs on multiple occasions. Because the determination that he was at least an average participant in the conspiracy is plausible in light of the record as a whole, the district court did not clearly err in determining that Garcia-Gloria failed to establish that he was entitled to a minor or minimal participant reduction under § 3B1.2. *See id.*

Accordingly, the judgment of the district is AFFIRMED.