# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2022

Lyle W. Cayce
Clerk

No. 21-51161
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOEL JUAREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-119-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.[†]

PER CURIAM:[*]

Joel Juarez pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to 168 months imprisonment. On appeal, he contends that the district court erred in applying a two-level

---

[†] Judge Haynes concurs in the judgment.

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon.

"The district court's determination that § 2D1.1(b)(1) applies is a factual finding reviewed for clear error." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). There is no clear error if a factual finding is plausible in light of the entire record. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The Sentencing Guidelines provide that a defendant's offense level is increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1). This enhancement applies if the Government demonstrates that "a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Guidry*, 960 F.3d 676, 683 (5th Cir. 2020) (quotation omitted). "Once the Government has met its burden, the defendant can only avoid the enhancement by showing that it was clearly improbable that the weapon was connected with the offense." *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014) (quotation omitted).

The district court did not clearly err. Juarez admitted to possessing a firearm and acknowledged he was selling methamphetamine almost every day for months. Moreover, his belief that he had the firearm with him when he was arrested or that it was in his vehicle supports the inference that he was in the habit of bringing the firearm with him when he was selling drugs. The district court's determination is further supported by the fact that guns are tools of the drug trade and that when the police searched Juarez's residence, they found a handgun magazine, glass smoking pipes, and a clear plastic bag with residue. It is of no moment that the firearm was not found. *See United States v. Marquez*, 685 F.3d 501, 505, 507–08 (5th Cir. 2012) (affirming a two-

level increase under § 2D1.1(b)(1) even though the firearm was never found); *United States v. Ogbonna*, 184 F.3d 447, 450 (5th Cir. 1999) (same).

Finally, Juarez never attempts to satisfy his "reciprocal burden" of showing that any connection between the gun and the offense was "clearly improbable." *United States v. Guidry*, 960 F.3d 676, 683 (5th Cir. 2020).

AFFIRMED.