# United States Court of Appeals for the Fifth Circuit

No. 21-51008
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Spindola,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:01-CR-125-1

Before Richman, *Chief Judge*, Stewart, and Willett, *Circuit Judges*.
Per Curiam:*

Javier Spindola pleaded guilty to aiding and abetting possession with intent to distribute 100-1,000 kilograms of marijuana. The district court sentenced Spindola to 97 months of imprisonment and five years of supervised release. Spindola appeals, arguing that the district court erred in denying his request for a mitigating role adjustment under U.S.S.G. § 3B1.2.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-51008

This court reviews preserved challenges to the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Whether Spindola was a minor participant under § 3B1.2 is a factual determination that this court reviews for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).

Spindola had the burden of proving by a preponderance of the evidence that he was substantially less culpable than the average participant. *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). To qualify as a minor participant, he must have been "peripheral to the advancement of the illicit activity." *Id.* at 613-14 (internal quotation marks and citation omitted).

Spindola argues that he did not plan or organize the criminal activity, that he had no decision-making authority, and that he merely followed orders. The substance of this argument is that he was a mere courier. This is not sufficient to carry the burden of showing entitlement to a mitigating role adjustment. *See Torres-Hernandez*, 843 F.3d at 207.

The judgment of the district court is AFFIRMED.