# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40394
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Sepulveda-Arreola,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-909-2

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Juan Sepulveda-Arreola appeals the sentence imposed following his conviction for possession with intent to distribute 500 grams or more of methamphetamine and possession of a firearm by an alien unlawfully present in the United States. We review his complaint about the denial of a minor

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

role adjustment for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016).

Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. (n.3(A)). A "minor participant" is any participant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). A decision whether to grant a minor role adjustment is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." § 3B1.2, comment. (n.3(C)).

Contrary to Sepulveda-Arreola's assertion, he had the burden of demonstrating his entitlement to a minor or minimal role adjustment. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). Although a defendant "should be considered for an adjustment" if he "does not have a proprietary interest in the criminal activity and . . . is simply being paid to perform certain tasks," the commentary merely states that a reduction is allowed, not that it is required. § 3B1.2, comment. (n.3(C)). Sepulveda-Arreola's involvement in multiple incidents of drug transportation, as well as his connection to a large quantity of narcotics, support the inference that he understood the scope of the criminal activity and played more than a minor role. *See* U.S.S.G. § 3B1.1, comment. (n.3(C)(i), (iv)). Thus, the district court could have plausibly found, based on the record as a whole, that his actions were not minor. *See Gomez-Valle*, 828 F.3d at 328.

The district court's judgment is AFFIRMED.