# United States Court of Appeals for the Fifth Circuit

---

No. 23-30172
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY E. JOHNSON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-232-3

---

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Anthony Johnson appeals his 30-month sentence for conspiracy to commit bank and wire fraud with forfeiture allegations and bank fraud with forfeiture allegations (two counts).  Finding no error, we affirm.

Johnson claims that the district court erred by failing to grant him a mitigating-role adjustment for purposes of U.S.S.G. § 3B1.2.  He contends

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

that, because of his poor eyesight, limited education, receipt of disability benefits, nominal payments for the offense conduct, and lack of discretion and planning as compared to his codefendants, he is entitled to a role reduction.

Whether an appellant is a minor or minimal participant is a factual determination reviewed for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

The record shows that after stating the totality-of-the-circumstances test, the district court employed a fact-specific, well-reasoned approach before denying Johnson a mitigating-role adjustment. In particular, the court found that Johnson was an average participant in the conspiracy because he personally negotiated 33 counterfeit checks at different locations, amounting to a $110,733 loss. Though the court acknowledged that Johnson had no discretionary authority, it concluded that his criminal conduct made him an essential cog in the conspiracy. The court further found that Johnson's conduct demonstrated that he understood the scope and structure of the conspiracy whereby counterfeit checks were being passed at various locations to the benefit of all conspirators.

Johnson has failed to show how his conduct was peripheral to the advancement of the illicit activity. *See United States v. Castro*, 843 F.3d 608, 613–14 (5th Cir. 2016). Considering the record as a whole, the refusal to grant a mitigating-role adjustment was not clearly erroneous. *See Gomez-Valle*, 828 F.3d at 327.

AFFIRMED.