# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2025

Lyle W. Cayce
Clerk

————————

No. 24-40120
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEFFERY WILLS,

*Defendant—Appellant*.

————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1684-5

————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jeffery Wills challenges his within-Guidelines 135-months' sentence, imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). Wills contends the district court either: committed procedural error by improperly calculating his Guidelines

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

sentencing range; or clearly erred in determining he was not entitled to a minor-participant reduction under Sentencing Guideline § 3B1.2.

Wills contends the court miscalculated his Guidelines sentencing range by not including the minor-participant reduction under § 3B1.2 when it stated at sentencing that a "role reduction [wa]s warranted". Although post-*Booker*, the Guidelines are advisory only, the court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). Because Wills did not preserve this issue in district court, however, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Wills must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Wills has not shown the requisite clear-or-obvious error by the court in calculating his Guidelines sentencing range. First, Wills concedes "it is entirely possible the Court merely misspoke" when it stated that the "role reduction [wa]s warranted". Moreover, immediately prior to making that statement, the court explicitly referred to Wills as "an *average participant*" (therefore, making him not eligible for the reduction). The court made this finding after an extensive discussion regarding Wills' level of culpability; the role his addiction played in his becoming involved in a drug-trafficking conspiracy; his knowledge of the scope of the conspiracy; the seriousness of his offense; and his continued participation in the illegal activity even after some of his coconspirators were arrested. Based on the record, it appears the

court did not intend to grant Wills a minor-participant reduction, and the court likely misspoke when it stated "the role reduction [wa]s warranted".

In the alternative, Wills contends that, if the court misspoke regarding the adjustment, it erred in not finding he was a minor participant. The determination whether defendant is entitled to a mitigating-role adjustment under § 3B1.2 is a factual determination that we review for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). There is no clear error if a factual finding is plausible in the light of the record as a whole. *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

Wills maintains that he played only a minor role in the conspiracy, contending that there is no evidence in the record showing he exercised any authority over his coconspirators and his role was limited to storing drugs in his home. Determining whether a minor-participant reduction applies, however, "is a sophisticated factual determination" that "is not appropriate simply because a defendant does less than other participants". *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018) (citation omitted). "[A] defendant must have been peripheral to the advancement of the illicit activity" to qualify for the reduction. *Id.* (citation omitted). Despite Wills' assertions to the contrary, the record shows not only that his home was used to store drugs, but also that he provided money and a cellular phone to another coconspirator to facilitate the transportation of drugs, supporting the determination that his role in the conspiracy was more than "peripheral". *See id.*

Further, although Wills contends the statements in the presentence investigation report (PSR) describing his role in the conspiracy were not substantiated by evidence, the court was entitled to rely on the PSR without additional inquiry because Wills failed to offer any rebuttal evidence. *E.g.*, *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (district court may

rely on PSR without additional inquiry if defendant does not present rebuttal evidence or otherwise demonstrate information in PSR unreliable). Accordingly, the district court did not clearly err in determining that Wills was not entitled to a minor-participant reduction under § 3B1.2. *See Castro*, 843 F.3d at 612.

AFFIRMED.