# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40639
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Javier Torres,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-1875-2

————————————————————

Before Smith, Wiener, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jesus Javier Torres pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The district court sentenced Torres below the advisory guidelines range to 210 months of imprisonment

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to be followed by five years of supervised release. Torres timely appealed and challenges his sentence on two grounds.

First, Torres argues that the district court should have awarded him a two-level reduction in his offense level under U.S.S.G. § 3B1.2 because he was a minor participant in the offense. He maintains that he had no decision-making authority and that he was supervised by his codefendant and another coconspirator throughout the criminal activity. Having carefully reviewed the presentence report and the sentencing transcript, we conclude that Torres has not shown that the district court clearly erred in determining that he was not a minor participant in the criminal activity for purposes of § 3B1.2. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *United States v. Castro*, 843 F.3d 608, 613–14 (5th Cir. 2016).

Second, Torres argues that his below-guidelines sentence is substantively unreasonable because the district court failed to take into account two factors that should have received significant weight. The district court considered these factors at sentencing and still determined that a 210-month sentence was appropriate to satisfy the sentencing factors set forth at 18 U.S.C. § 3553(a). Torres has failed to make the showing necessary to rebut the presumption of reasonableness afforded his below-guidelines sentence. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.