# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2026

Lyle W. Cayce
Clerk

————————

No. 25-40591
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MOISES CAMPOS-ESPINOSA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CR-22-41

———————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Moises Campos-Espinosa was convicted of conspiracy to distribute heroin and cocaine and possession of cocaine with intent to distribute, and he appeals the 121-month total prison term imposed on remand. He challenges the denial of his request for safety valve relief and a mitigating role adjustment.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40591

The district court's finding that Campos-Espinosa failed to provide a full and truthful disclosure warranting a safety valve adjustment is plausible in light of the record as a whole. *See United States v. Treft*, 447 F.3d 421, 426 (5th Cir. 2006). He contends that his testimony was a truthful disclosure, but it was contradicted both by other testimony and physical evidence at trial. Moreover, his assertion that he was truthful to the Government is undercut by the jury's verdict of guilty. *See United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011).

Similarly, the finding that Campos-Espinosa was an average participant in the offense is plausible in light of the record as a whole. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). While he categorizes himself as merely a courier, the record shows that he was involved in the formation of the distribution cell and worked with members of the group to purchase a tractor trailer for purposes of transporting cocaine, heroin, and money. He was not among the least culpable of the participants or less culpable than most other participants in the offense. *See* U.S.S.G. § 3B1.2 & comment. (nn.4-5); *see also United States v. Castro*, 843 F.3d 608, 612-13 (5th Cir. 2016).

AFFIRMED.