# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2022

Lyle W. Cayce
Clerk

No. 21-50383
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MISTY MORALES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-362-3

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Misty Morales pleaded guilty to conspiracy to possess, with intent to distribute, 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). She was sentenced to, *inter alia*, 293 months' imprisonment. She asserts the district court erred by denying her a

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

two-level mitigating role adjustment under Sentencing Guideline § 3B1.2, asserting the record shows her participation in the drug conspiracy was as a low-end nonessential drug distributor to individuals and was peripheral to the advancement of the criminal activity.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The mitigating-role issue is a question of fact, reviewed only for clear error. *E.g.*, *United States v. Gomez Valle*, 828 F.3d 324, 327 (5th Cir. 2016). Guideline § 3B1.2(b) (mitigating-role reduction) authorizes a two-level reduction for defendant who was a "minor participant". A minor participant is one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal". U.S.S.G. § 3B1.2, cmt. n.5.

The district court could plausibly find Morales' actions were not merely "peripheral to the advancement" of the offense at issue. *United States v. Castro*, 843 F.3d 608, 613–14 (5th Cir. 2016) (explaining "[i]t is improper for a court to award a [§ 3B1.2] adjustment simply because a defendant does less than the other participants" (alteration in original) (citation omitted)). Accordingly, Morales has not met her burden of showing the court clearly erred in denying her request for a minor-role adjustment.

No. 21-50383

*See Gomez-Valle*, 828 F.3d at 329 (explaining "[a] factual finding is not clearly erroneous if it is plausible in [the] light of the record read as a whole" (citation omitted)).

AFFIRMED.