# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2023

Lyle W. Cayce
Clerk

No. 23-40184
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff–Appellee*,

*versus*

JOSE DE JESUS MORALES,

*Defendant–Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:21-CR-1172-4

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant–Appellant Jose de Jesus Morales pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine and heroin and two counts of possession with intent to distribute methamphetamine. The district court sentenced Morales to concurrent terms of 135 months of imprisonment on each count, followed by five years

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

of supervised release. Morales challenges the district court's denial of a minor-role adjustment under U.S.S.G. § 3B1.2(b). Our review of this issue is for clear error. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016) (internal citation omitted).

Morales contends that he should have received a two-level downward adjustment for his minor role in the offense because he was merely a courier who was not involved in planning or organizing and had no decision-making authority. However, unlike the other average participants he identifies, Morales individually arranged at least one drop off of drugs. In light of the record as a whole, Morales has not met his burden of showing that he was substantially less culpable than the average participant or that his acts were merely peripheral to the criminal activity. *See* § 3B1.2 cmt. n.3; *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634–35 (5th Cir. 2018) (quoting *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001)) ("A minor participant adjustment is not appropriate simply because a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity."); *Castro*, 843 F.3d at 612 ("Castro could be a courier without being substantially less culpable than the average participant." (internal quotation marks and citation omitted)).

AFFIRMED.