# United States Court of Appeals for the Fifth Circuit

————————

No. 23-50552
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HECTOR BERNAL, JR.,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-60-2

————————————————————

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Hector Bernal, Jr., contests the within-Guidelines 96 months' sentence he received after pleading guilty to one count of aiding and abetting the possession with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. § 841(a)(1) (prohibiting possession with intent to distribute), (b)(1)(B) (outlining penalty), and 18 U.S.C. § 2

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

(punishing defendants who aid and abet as principals). Bernal contests the district court's denying his request for a minor-role reduction pursuant to Sentencing Guideline § 3B1.2 (providing four-level decrease for "minimal participant", two-level decrease for "minor participant").

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

"Whether [a defendant] was a minor or minimal participant is a factual determination that [we] review for clear error." *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016) (alterations in original) (citation omitted). Along that line, and in contending he should have received a downward adjustment because he was less culpable than the average participant, Bernal asserts he: had a limited understanding of the scope and structure of the activity; was not involved in planning or organizing it; had no decision-making authority; and it was unclear what benefit he expected to receive. In the light of the record, however, Bernal does not show the district court's finding was clearly erroneous regarding whether he was "substantially less culpable than the average participant" or "peripheral" to the criminal activity. *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (citation omitted); *see also* Guideline § 3B1.2; *United States v. Bello-*

No. 23-50552

*Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017) (affirming denial of mitigating-role adjustment).

AFFIRMED.