# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-40254
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Curtez Davon Coleman,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-1371-1

―――――――――――――――――――――

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Curtez Davon Coleman, federal prisoner # 83264-510, challenges the sentence imposed following his guilty-plea conviction for conspiracy to transport aliens, and transporting aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(A)(ii). He was sentenced, *inter alia*, to two concurrent terms of 42-months' imprisonment. He contends the

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court *clearly erred* in its:  application of an enhancement for creating a substantial risk of death or serious harm under Sentencing Guideline § 2L1.1(b)(6); and denial of a minor- or minimal-role adjustment under Guideline § 3B1.2.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Under Guideline § 2L1.1(b)(6), defendant's offense level for transporting aliens is enhanced if the offense "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person".  U.S.S.G. § 2L1.1(b)(6).  The district court's determination that defendant recklessly created a substantial risk of harm is a factual finding reviewed for clear error.  *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

"Transporting aliens in a manner that significantly hinders their ability to exit the vehicle quickly creates a substantial risk of death or serious bodily injury."  *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006).  The record shows, *inter alia*, that seven aliens were in the sleeper area of Coleman's tractor-trailer, and at least three were unable to open the vehicle from the inside.  *See id.*  Coleman fails to show the requisite clear error in the court's application of the § 2L1.1(b)(6) enhancement.  *See id.*

No. 24-40254

Turning to the denial of a mitigating-role reduction, the court's determination that defendant did not play a mitigating role in the offense is, again, a factual finding reviewed for clear error. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Guideline § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity". U.S.S.G. § 3B1.2 cmt. n.3(A). The mitigating-role provision, however, "does not provide an affirmative right to a [Guideline] § 3B1.2 reduction to every actor *but* the criminal mastermind", *United States v. Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016) (emphasis in original), and defendant has the burden of demonstrating his entitlement to a minor- or minimal-role adjustment, *e.g.*, *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). Defendant may "be a courier without being substantially less culpable than the average participant". *Id.* (citation omitted).

It bears repeating that Coleman pleaded guilty to conspiracy to transport aliens and transporting aliens for financial gain. *See* 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii). He neither presented evidence to the district court at sentencing, nor points to any on appeal, showing he was substantially less culpable than the other participants he speculates were involved. *See id.*; *Gomez-Valle*, 828 F.3d at 331. The court considered evidence that: Coleman knew he was transporting illegal aliens; the plan was for him to drop them off in different locations in the United States; and he had three cell phones, a tablet, and close to $6,000 cash at the time of his arrest. *See* § 3B1.2, cmt. n.3(C) (understanding "scope and structure" of the offense and playing central role in it do not indicate minimal or minor participation). We have upheld the denial of role-reduction adjustments in similar cases. *See, e.g.*, *Castro*, 843 F.3d at 612–14 (affirming denial of mitigating-role reduction for defendant who transported drugs and proceeds

3

as part of drug-trafficking organization); *Gomez-Valle*, 828 F.3d at 327–31 (affirming denial of mitigating-role reduction for defendant who knowingly transported illegal aliens).

Moreover, although Coleman's "critical" role as a driver may not alone support denying a mitigating-role reduction, such a role may be considered along with other factors. *See United States v. Sanchez-Villarreal*, 857 F.3d 714, 721–22 (5th Cir. 2017) (court may not deny § 3B1.2 adjustment solely based on defendant's performing "critical" or "essential" role in criminal activity). The court's conclusion that he was not substantially less culpable than other participants was "plausible in light of the record read as a whole" and, therefore, not clearly erroneous. *Gomez-Valle*, 828 F.3d at 327 (citation omitted).

AFFIRMED.